### E. J. POLK *v.* R. McCREADY, AND OTHERS.

**Executions—Levy on Encumbered Property—Statutes.**

The statute provides that where a defendant in an execution shall have owned the legal title to any real or personal estate, has created an incumbrance thereon, his interest may be levied on. In this case the legal title was in Thomas M. Burford, and he conveyed it to the appellant, and in that conveyance created a lien on it for the support of himself and wife. Appellant created no incumbrance, nor was he the owner of the legal title until the deed creating the incumbrance was made to him by his father. It therefore follows that this case cannot be affected by the provisions of the statute referred to.

**Executions—Sale Under—Pendency of Litigation Over Title—Inadequacy of Price.**

Where a sale of land is made under an execution, pending a suit to vacate the deed to the property under which the defendant in the execution holds title, and the case is thereafter decided in his favor, the sale will be set aside if the property sold at a sacrifice, for the reason that the pendency of the suit affected the value of the property and had a tendency to prevent others from bidding for it.

## APPEAL FROM MERCER CIRCUIT COURT.

### October 6, 1871.

OPINION BY JUDGE PRYOR:

The provisions of the Revised Statutes regulating sales of encumbered property under execution do not apply to a case like this—the statute provides, "That where a defendant in an execution shall have owned the legal title in any real or personal estate, and has created an incumbrance there on his interest may be levied on, etc." In this case the legal title was in Thomas M. Burford, and he conveyed it to the appellee, Thos D. Burford and in that conveyance created in lien upon the land for the support of himself and wife. Thos. D. Burford created no incumbrance nor was he the owner of the legal title until the deed creating the incumbrance was made him by his father—it therefore follows that this case cannot be effected by the provision of the statute referred to—Bondurant vs. Owens, 4 Bush, page 662. The appellee, Thos. O. Burford, filed his answer and cross-petition in this case in which he alleges that the 100 acres of land, or his interest therein held under various executions named in the pleadings was at the time worth five thousand dollars, and that this land sold at a great sacrifice bringing at the sale only $800. That the appellant at the time he purchased the land was the attorney for some of the plaintiffs in the executions, etc., and asks that the sale be set aside.

The appellant in his answer to this cross petition admits that he was the attorney for two plaintiffs in the executions, but in addition states, that he was also the statutory guardian of one of them, and was in duty bound to make the property pay the debt; he denies that the property was sold at a sacrifice and gives as a reason for this statement that at the time of the sale there was a suit pending by some of Thos. M. Burford's children to vacate the deed under which Thos. D. Burford claimed the land—that this uncertainty as to the title connected with the widow's right to dower lessened the land in value, etc. The proof shows that this suit was pending at the time and was afterwards decided for Thos. D. Burford sustaining the deed. The land unincumbered was worth $12,000, and with all the incum-

brances upon it was valued at $5,000.  The appellant no doubt was looking to the interest of his ward in buying the land and made the purchase in good faith, but it is equally clear, that the pendency of the suit to vacate the deed affected greatly the value of the property and prevented others from bidding for it.  The appllant in estimating the value of the land was influenced as to the amount of the bid on account of the uncertainty of the title resulting from this litigation, although acting in the double capacity of attorney and guardian and deriving no pecuniary benefit from the sale himself, still the sacrifice of this property is too great for this court by its judgment to confirm the sale. 7th Dana.  Howell's heirs vs. McCraig's heirs, page 388.

The questions made by the appellant in his brief as to the rights of the widow cannot be considered as she is not a party to this appeal.  The purchaser of the land under the sale will take it subject to the uses mentioned in the deed, and her right to retain the possession if she desires for her support and maintnanc.

Judgment of the lower court is affirmed.

*Polk, for appellant.*

*J. B. & P. B. Thompson, for appellee.*